# Commonwealth *versus* Farmers' Bank.

1. Under the Act of 14th June, 1836, a stranger, who has no interest in a corporation, except that which is common to every citizen, cannot sue out a writ of *quo warranto*, to enforce a forfeiture of its charter.

2. None but an authorized agent of the Commonwealth, can sue out a writ of *quo warranto*, to enforce the forfeiture of a charter.

3. A creditor of a bank, who has an action at law pending for the recovery of his debt, cannot maintain an information, in the name of the Commonwealth, to enforce a forfeiture of the charter of the bank.

4. The Act of 17th March, 1853, P. L. 685, has not enlarged the rights of private parties to writs of *quo warranto*.

Quo Warranto to enforce a forfeiture of the charter of the Farmers' Bank of *Schuylkill county*.

The facts, sufficient for an understanding of the case, appear in the opinion of the court.

*Neville*, for relator.

The opinion of the court was delivered January 27, 1854, by

Woodward, J.—This is a motion for leave to issue a writ of *quo warranto*, on an information that the bank has usurped powers and privileges not granted, and forfeited by misuse such as were granted. At the instance of this same relator, we issued a *quo warranto* against this bank, to December Term, 1852, founded on the same general grounds of complaint; and after hearing the parties fully, on a motion to quash that writ, we held, that under the Act of 14th June, 1836, a stranger, who has no interest in a corporation, except that which is common to every citizen, cannot sue out a writ of *quo warranto*, to enforce the forfeiture of its charter, but that it must be applied for by some authorized agent of the Commonwealth; and accordingly, on the 4th of April, 1853, we adjudged, that Michael Murphy had no right or title to maintain the information in the name of the Commonwealth, and that his writ must be quashed, and wholly taken for naught. The only interest, beyond that of other citizens, which he alleges in the *present* information, is the fact, that he is a creditor of the bank, and has an action at law pending for the recovery of his debt; but that is an interest against forfeiture, rather than in favor of it. The creditor does not increase his chance of payment, by putting his debtor out of existence. The relator has all the ordinary remedies for the collection of his debt, but the prerogative writ he asks for is not one of them, and cannot be so used.

It is supposed, that the Act of 17th March, 1853, P. L. 685,

[Wagenblast *v.* M'Kean et al.]

has enlarged the rights of private parties to writs of *quo warranto;* but this is a mistake.   The first section of that act, was occasioned by our opinion in the case of the Franklin Canal Company, and was intended to give the Commonwealth the right of suing out preliminary injunctions, without giving the bond and security, enjoined by the Act of 6th May, 1844.   The second section, was merely intended to enable us to hear *quo warranto* cases, in any district where we might be, as well as in the district where the proceedings originated.   To remove these cases from one district to another, and thus obviate delay, was the object of this section, not to enlarge or change their powers, or the course of proceeding under the Act of 1836.   It is apparent, therefore, that this section leaves the relator in the same attitude he maintained when before us last winter, and as he had no right to *quo warranto* against this bank then, he has none now, and his motion must be denied.

Motion denied.